THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| DAVID L. and BENJAMIN L., | ) | Case No. 1:13- CV- 00176 DS |
| | ) | |
| Plaintiffs, | ) | |
| | ) | MEMORANDUM DECISION |
| vs. | ) | AND ORDER |
| | ) | |
| THE MCGRAW -HILL COMPANIES, INC. GROUP HEALTH PLAN, et al., | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendants have moved under 28 U.S.C. § 1404(a) for a change of venue of this case to the United States District Court for the District of New Jersey. For the reasons that follow the Court determines that on balance transfer is warranted and the Motion for Change of Venue (Doc. #5) is granted.

## I. INTRODUCTION

This matter involves a claim for benefits under the Employee Retirement Income Security Act ("ERISA") to recover expenses for treatment in Utah of an our-of-state minor. Plaintiffs are residents of New Jersey. The Plan is sponsored by McGraw-Hill Companies, Inc., a New York Corporation, and is administered in New York, New York and Hightstown, New Jersey. Defendant ValueOptions, a Virginia corporation, is the claims administrator. ValueOptions reviews claims from its claims department in Latham, New York and reviews appeals from its appeals department in Research Triangle Park, North Carolina.

As alleged by Plaintiffs, the only apparent connection of this litigation to Utah is "Plaintiffs' desire that the case be brought and resolved in the District of Utah where they have access to counsel of their choice and where the medical care which is the subject of this lawsuit was provided."  Compl. at ¶ 2.

## II DISCUSSION

Under Section 1404(a) a district court is vested with discretion "to adjudicate motions for transfer according to an 'individualized case by case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)(citation omitted) .   A district court may order a change of venue "[f]or the convenience of the parties and witnesses, and in the interest of justice, ... to any other district or division where it might have been brought".   28 U.S.C. § 1404(a).   The moving party bears the burden of showing that the existing forum is inconvenient.  *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).   Among the relevant factors to be considered in evaluating a § 1404(a) motion are the following:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making necessary proof; questions as to the enforceability of judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Island View Residential Treatment Center v. Kaiser Permanente*, No. 1:09cv3-CW, 2009 WL 2614682, at *2 (D. Utah Aug. 21, 2009)(citing *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991).

2

As an initial matter it is undisputed that this action could have been brought in either the District of Utah or the District of New Jersey.   However, it appears to the Court that the case lacks any significant connection to the District of Utah.   Although treatment was rendered in Utah, the alleged breach of ERISA did not occur in Utah.   Neither the Plaintiffs nor Defendants are located in Utah.   Plaintiffs are residents of New Jersey.   Defendant McGraw-Hill is located in New York.   The Plan was not administered in Utah and decisions about coverage were not made in Utah.

Where plaintiffs' selected venue "'has little connection with the operative facts of a lawsuit[,]'" their choice of venue has less force than usual.   *Tyson v. Pitney Bowes Long-Term Disability Plan*, No. 07-CV-3105 (DMC), 2007 WL 4365332, at *3 (D.N.J. Dec. 11, 2007).   Plaintiffs reside in New Jersey but have chosen to lay venue in the District of Utah, a distance of approximately 1800 miles.   Other than the location of their counsel in Utah, which as discussed below is irrelevant,  Plaintiffs have not argued that New Jersey would be more inconvenient for them.   New Jersey has more of a local interest in the controversy than Utah, due to Plaintiffs' residence and alleged denial of benefits in that state.[1] Additionally, the convenience of Defendants should also be considered.   It seems clear that the District of New Jersey would be more convenient than Utah for Defendants.

And although judicial review of an ERISA case is generally limited to the administrative record, should it become necessary, it seems unlikely that any relevant

---

[1] *See Island View Residential Treatment Center v. Kaiser Permanente*, No. 1:09cv3-CW, 2009 WL 2614682, at *2 (D. Utah Aug. 21, 2009)("under ERISA, the duty is owed to the plan participant and any breach of duty owed under the plan, occurs at the place where the plan participant resides.  The place is the location where the payment is to be made, even though the services may have been provided at an out-of-state location."

witnesses or supplemental documents will be found in Utah.   In the event that witnesses will be necessary, New Jersey would appear to more convenient for the witnesses of both Plaintiffs and Defendants.

Finally, Plaintiffs' alleged significant tie to the District of Utah, as noted,  is that their counsel is located here.  While the Court is sympathetic to plaintiffs' desire to have the case remain in this district because their counsel is located in Utah, the convenience of counsel is irrelevant and should not be considered in evaluating  whether transfer is proper under § 1404(a).  *See, e.g., In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir.), *cert.  denied*, 540 U.S. 1049 (2003)("the factor of 'location of counsel' is irrelevant and improper for consideration in determining the question of the transfer of venue").  Presumably, Plaintiffs' counsel can apply to practice *pro hac vice* in the District of New Jersey.

## III.  CONCLUSION

On balance, the Court concludes that transfer of this case to the District of New Jersey is warranted.  Therefore, for the reasons stated, Defendants' Motion for Change of Venue to the District of New Jersey (Doc. #5) is granted.

IT IS SO ORDERED.

DATED this 23rd day of April, 2014.

BY THE COURT:


DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4